11-4588
Wu v. Sessions

BIA
Nelson, IJ
A088 526 075/076

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of August, two thousand seventeen.

PRESENT:
        JON O. NEWMAN,
        DENNIS JACOBS,
        PIERRE N. LEVAL,
             *Circuit Judges.*
_____

XIU YAN WU, YONG XIANG LIU,
             *Petitioners,*

        v.                                            11-4588
                                                      NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
             *Respondent.*
_____

**FOR PETITIONERS:**          Richard Tarzia, Belle Mead, New
                              Jersey.

**FOR RESPONDENT:**           Stuart F. Delery, Acting Assistant
                              Attorney General; Russell J.E.
                              Verby, Senior Litigation Counsel;
                              John D. Williams, Trial Attorney,
                              Office of Immigration Litigation,

United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioners Xiu Yan Wu and Yong Xiang Liu, natives and citizens of China, seek review of an October 5, 2011, decision of the BIA affirming the October 1, 2010, decision of an Immigration Judge ("IJ") denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and denying Liu's application for cancellation of removal. *In re Xiu Yan Wu, Yong Xiang Liu*, Nos. A088 526 075/076 (B.I.A. Oct. 5, 2011), *aff'g* Nos. A088 526 075/076 (Immig. Ct. N.Y. City Oct. 1, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008). Petitioners applied for asylum and related relief based on the birth of their children in the United States purportedly in violation of China's population control program.

2

For largely the same reasons as this Court set forth in *Jian Hui Shao*, we find no error in the agency's determination that they failed to demonstrate a well-founded fear of persecution based on the birth of their children. *See* 546 F.3d at 158-72. That finding was dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

We lack jurisdiction to review the agency's denial of cancellation of removal based on Liu's failure to establish hardship to a qualifying relative. 8 U.S.C. § 1252(a)(2)(B); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-40 (2d Cir. 2008). Although we retain jurisdiction to review constitutional claims and questions of law, for which our review is de novo, 8 U.S.C. § 1252(a)(2)(D); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009), Liu's argument that the agency failed to adequately consider the impact his removal would have on his children's health merely quarrels with the agency's factual findings, *see Xiao Ji Chen* v. U.S. Dep't of Justice, 471 F.3d 315, 330-31 (2d Cir. 2006); *see also Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) ("[T]he agency does not commit an 'error of law' every time an item of evidence is not explicitly considered or is described with imperfect accuracy . . . ."). Because we lack jurisdiction to review the agency's dispositive hardship

3

determination, *see* 8 U.S.C. §§ 1229b(b)(1)(D), 1252(a)(2)(B), we do not reach the agency's alternative finding that Liu failed to establish the requisite physical presence for cancellation of removal, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4